## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD HAGANS,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BOARD OF EDUCATION OF RED<br>CLAY CONSOLIDATED SCHOOL<br>DISTRICT,<br><br>        Defendant. | )<br>)<br>)<br>)  C.A. No.<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### The Parties & Jurisdiction

1.    Plaintiff Donald Hagans ("Mr. Hagans") is a resident of Delaware.

2.    Defendant The Board of Education of Red Clay Consolidated School District ("Red Clay") is a is a reorganized school board operating under 14 Del. C. § 1043. It is the governing body of Red Clay Consolidated School District.

3.    Mr. Hagans was employed by Red Clay as a Chief Custodian for over thirty years, beginning in 1990.  He has been Chief 2 for the first 11 years of his employment and Chief 1 for the last approximately 20 years.

4.    Mr. Hagans submitted a Charge of Discrimination to the Delaware Department of Labor dated September 27, 2021.  The Charge was assigned Charge Numbers HAG090721 and 17C-2021-00235.

5.    The Department of Labor issued a final determination and right to sue on May 23, 2022.  Mr. Hagans submitted a request for substantial weight review from the EEOC on May 23, 2022.  The EEOC issued its final determination and right to sue on August 22, 2022.

1

6.       This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

7.       In addition to lost wages, Mr. Hagans suffered emotional distress and disruption of his life, counseling fees, and mental distress.

## Failure to Promote to Field Supervisor

8.       In July 2021, Mr. Hagans, who is a Black man, applied for the position of Field Supervisor  at Red Clay.

9.       Red Clay was down to the final four candidates, two Black men and two White men.

10.      One of the job qualifications was five years' experience as Chief Custodian  or equivalent (Red Clay School District preferred).  Mr. Hagans clearly was preferentially qualified for the job.  The other Black man who applied had over five years' experience as Chief Custodian as well.  The White man who was ultimately hired on August 21, 2022 had less than five years' experience as Chief Custodian. He had been at three different buildings during his tenure and even worked in maintenance for some of that time.

11.      An experienced former HR associate for Red Clay, who was employed at the time of the failure to promote, is of the opinion that the white male selected was not qualified for the position because he did not have at least five years' experience as Chief Custodian or equivalent.

12.      The facilities management who made the decision on the promotion told Mr. Hagans that the White male hired over him had better "communication" skills with building principals.  However, this claimed legitimate reason in WEAK because Mr. Hagans has had 20 years' successful experience at communicating with building and District administrators.  He had been repeatedly given "outstanding" and "satisfactory" performance evaluations.

13.     Further, during the course of HR investigation into the promotion, inconsistent reasons for not promoting Mr. Hagans were provided by the decisionmakers who rated Mr. Hagans, which further causes doubt on the legitimate claimed reason given by management.

14.     Further, during the course of the Department of Labor investigation, Red Clay's position was that Mr. Hagans would be an aggressive manager and disciplinarian.  However, this claimed legitimate reason is implausible and weak as there is no evidence he was aggressive or over-disciplinary to his staff as Chief Custodian.  In fact, his ability to train and supervise employees was consistently rated as satisfactory and outstanding.  Further, employees with performance problems had been transferred to Mr. Hagans' supervision so that they could benefit from his training and supervision that other Chief's could not provide.

15.     Upon information and belief, at least two of the four final decision makers who rated the candidates for Field Supervisor  were aware that the White male who ultimately got the position of Field Supervisor  had performance problems, which consisted of not staying in his building and not running around gossiping.  Mr. Hagans did not have performance problems.

16.     Approximately ten years ago Aaron Killam, a black Chief Custodian applied for the same position, Field Supervisor.  Once again, a white male with less experience was chosen for Field Supervisor.

17.     Mr. Richard Martin, the Field Supervisor  whose retirement caused the 2021 vacancy within Red Clay, recommended an African American for Chief Custodian positions the last two cycles of hiring before his retirement.  Each time, Management chose a White candidate instead.

## COUNT I – RACIAL DISCRIMINATION

18.    Plaintiff incorporates all foregoing allegations as if they are stated in this Count in full.

19.    Mr. Hagans was discriminated against and/or treated differently (not promoted to the position of Field Supervisor) in his employment with Defendant because of his race.

20.    Mr. Hagans was qualified for the job of Field Supervisor as evidenced by his experience, the lack of "write up's" and discipline against him, his long working history at Red Clay.

21.    The White male who received the job was not qualified, or at the very least, less qualified than Mr. Hagans.

22.    This adverse employment action imposed burdens upon Mr. Hagans that would not be imposed upon white employees.

23.    Upon information and belief, any claimed legitimate non-discriminatory reason offered by the Defendant for its actions is a pretext for intentional and purposeful discrimination based on age. Any reason offered by the Defendant is unworthy of credence since plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the proffered legitimate reasons such that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the Defendant did not act for the asserted non-discriminatory reason.

24.    This willful, intentional, and unlawful racial discrimination violates the laws and regulations of both the United States, including, without limitation, 42 U.S.C. § 2000e, *et seq.*, and the State of Delaware, including, without limitation, 19 Del. C. § 710, *et seq.*

WHEREFORE Plaintiff Donald Hagans respectfully requests this Court:

A.    Enter judgment in his favor against Defendant Red Clay;

B.      Award him special damages, including lost wages, front and back, as she can prove,

compensatory damages, emotional distress, and punitive damages;

C.      Award him costs and attorney's fees;

D.      Award him pre- and post-judgment interest;

E.      Grant such other relief as the Court deems appropriate.

**JACOBS & CRUMPLAR, P.A.**

  /s/ Raeann Warner

Raeann Warner, Esq. (DE Bar 4931)
750 Shipyard Drive, Suite 200
Wilmington, Delaware  19801
(t) (302) 656-5445
raeann@jcdelaw.com
*Attorney for Plaintiff*

Date:  November 4, 2022